**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190204-U

Order filed May 14, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0204 Circuit No. 17-DT-271 |
| | ) | |
| KENNETH NANCE JR., | ) ) | Honorable Lisa Y. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice Lytton and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Trial counsel's failure to litigate a pending motion to suppress did not constitute the ineffective assistance of counsel.

¶ 2    Defendant, Kenneth Nance Jr., was convicted of driving while under the influence of alcohol (DUI). On appeal, he argues that he received ineffective assistance of counsel because trial counsel failed to schedule, argue, and obtain a judicial determination of the merits of a pending motion to suppress. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            Defendant was charged with driving under the influence (DUI) (625 ILCS 5/11-501(a)(2)

(West 2016)). Defendant retained a private attorney (trial counsel), who filed a motion to rescind

defendant's statutory summary suspension on September 1, 2017.

¶ 5            On September 15, 2017, trial counsel filed a motion to suppress evidence, alleging

defendant was subject to an unlawful arrest due to the absence of probable cause to believe

defendant was driving. The motion to suppress stated: "[t]he conduct of defendant prior to the

arrest was such as could not reasonably be interpreted by the arresting officer as constituting

probable cause that defendant had committed, was committing or was about to commit a crime.

The defendant was not driving."

¶ 6            The hearing regarding the motion to rescind the statutory summary suspension was

scheduled for September 29, 2017. On that date, trial counsel announced his intention to proceed

on both pending motions simultaneously. The State objected. Consequently, trial counsel elected

to proceed and successfully litigated the motion to rescind statutory summary suspension.

Thereafter, defendant waived his right to a jury trial.

¶ 7            Trial counsel did not litigate the pending motion to suppress evidence before the bench

trial took place. During the bench trial, Officer Nieukirk testified that he and Officer Bridges

arrived at the Economy Inn in Chillicothe to investigate a report of a disorderly conduct in

progress. After speaking with defendant at the Economy Inn, as well as other witnesses in the

area, defendant was arrested for disorderly conduct. Shortly thereafter, defendant was read his

*Miranda* rights.

¶ 8            Bridges testified that he spoke with defendant after defendant was Mirandized. During

this exchange, defendant admitted to drinking "[f]our or five before he arrived, two at the

riverboat casino, and two at dinner or lunch." Bridges and Nieukirk testified that defendant had slurred speech, bloodshot eyes, and the odor of alcoholic beverages emanating from his person. The trial court also viewed a dashcam videotape that was published to the court during Officer Bridge's testimony. In the video, defendant can be heard telling Bridges that defendant consumed eight or nine drinks that day. Thereafter, Bridges begins to question defendant regarding defendant's level of impairment. Defendant declines to participate in field sobriety testing and makes multiple references to a lawyer.

¶ 9        The court also received testimony during the bench trial from civilian witnesses, who testified about observing defendant driving his vehicle into the parking lot of the Economy Inn. One eyewitness testified that she was a passenger in defendant's vehicle while he was driving at that location on the day in question. After considering all of the evidence and the arguments of counsel, the trial court found defendant guilty of DUI.

¶ 10        Prior to sentencing, defendant retained a new defense attorney who filed a motion for a new trial. In the trial court, the new defense attorney argued that a new trial was required because trial counsel was ineffective for failing to litigate the pending motion to suppress. The trial court denied the motion for a new trial and the motion to reconsider that ruling. The court sentenced defendant to a term of 18 months' conditional discharge.

¶ 11        Defendant appeals.

¶ 12                                II. ANALYSIS

¶ 13        Defendant maintains his conviction should be set aside because trial counsel was ineffective for failing to litigate the pending motion to suppress evidence either before or at the same time as the bench trial. The State argues that trial counsel's decision not to pursue the

3

pending motion to suppress was a matter of trial strategy, and therefore may not form the basis of a successful ineffective assistance claim.

¶ 14    By way of review, it is well settled that claims of ineffective assistance of counsel are reviewed under the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on such a claim, a defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance resulted in actual prejudice to the defendant to the extent that defendant was deprived of a fair proceeding. *Id.* In order to satisfy the prejudice component of the *Strickland* analysis, a defendant must establish that a reasonable probability exists that, but for counsel's error, the result of the trial would have been different. *People v. Enis*, 194 Ill. 2d 361, 376 (2000).

¶ 15    Once a trial court determines the merits of a defendant's ineffective assistance claim, that decision will be reversed only if manifest error is present in the record. *People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 25. Manifest error arises from error that is clearly evident and indisputable. *People v. Morgan*, 212 Ill. 2d 148, 155 (2004).

¶ 16    In this appeal, defendant places great emphasis on the unique nature of the issue defendant raises in this appeal. Defendant asserts that the issue subject to our review differs significantly from the more common scenario involving defense counsel's failure to file any motion to suppress evidence in the first place. Instead, defendant argues that trial counsel's representation was *per se* deficient because his trial counsel neglected the pending, but meritorious, motion to suppress. Defendant asserts on appeal:

> "Had the defendant's initial trial counsel litigated the motion to suppress, defendant's post-arrest admissions that he had consumed up to nine drinks on the day of his arrest for [DUI] would have been suppressed. Moreover, had the

4

motion to suppress been litigated, defendant's statements containing several refusals to submit to field sobriety tests and a breath test would have been suppressed."

¶ 17 We would be remiss if we did not note that the pending motion to suppress was based singularly on fourteenth amendment considerations. However, defendant has, in effect, rewritten the pending motion to suppress by now asserting that the trial court would have suppressed defendant's postarrest statements due to violations of defendant's fifth and sixth amendment rights by the arresting officers.

¶ 18 Due to defendant's precise formulation of the issue for our consideration, we restrict our review to the actual pending motion to suppress requesting suppression based on probable cause to believe defendant was behind the steering wheel and driving. The unlitigated motion to suppress reads as follows: "[t]he conduct of defendant prior to the arrest was such as could not reasonably be interpreted by the arresting officer as constituting probable cause that defendant had committed, was committing or was about to commit a crime. The defendant was not *driving*." (Emphasis added.)

¶ 19 The trial court received consistent testimony from eyewitnesses stating they saw defendant drive a vehicle into the parking lot. In fact, the passenger in defendant's vehicle also told the officer at the scene that defendant drove the vehicle into the parking lot. Notably, although the officers did not observe defendant behind the wheel, by the time of the bench trial, there was little dispute regarding whether the officers developed probable cause to believe defendant was driving after their investigation and speaking to the eyewitnesses.

¶ 20　　　　Based on this record, we conclude that if the actual pending motion had been litigated by trial counsel, the trial court would not have suppressed defendant's postarrest statements due to the absence of probable cause to believe defendant was driving.

¶ 21　　　　Therefore, we affirm the trial court's order denying the motion for a new trial due to the ineffective assistance of trial counsel.

¶ 22　　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　The judgment of the circuit court of Peoria County is affirmed.

¶ 24　　　　Affirmed.